## DRUMMOND'S ESTATE et al. v. PAS-CHAL, Former Collector of Internal Revenue.

### Civil Action No. 1514.

District Court, E. D. Arkansas, W. D.

Oct. 27, 1947.

As Amended Jan. 22, 1948.

Jim Gooch, U. S. Atty., and George D. Walker, Asst. U. S. Atty., both of Little Rock, Ark., for defendant.

Frank J. Wills, of Little Rock, Ark., for plaintiff.

TRIMBLE, District Judge:

This cause came on for trial and the Court, having heard the evidence and considered the stipulations of the parties, finds the facts and states the conclusions of law, as follows:

### Findings of Fact.

1. The plaintiff, Carmeta S. Drummond, is a citizen of Pulaski County, Arkansas, is the widow of Boyce A. Drummond, who died June 24, 1943, and is the executrix of his estate. The defendant was at the time of the acts complained of the United States Collector of Internal Revenue for the State of Arkansas, and his citizenship is in Pulaski County, Arkansas.

2. In August, 1933, the plaintiff and her husband received by gift as an estate by the entirety, Lot 11, Block 171, City of Little Rock, hereinafter referred to as the Boyce property, which they converted into a duplex from funds derived from a mortgage thereon in the fall of 1935, said mortgage having been in the original amount of $719.03.

3. In December, 1936, to provide funds with which to pay the $448.84 unpaid balance of the above mortgage and to purchase by the entirety for $3,000 cash the adjoining lot 12, hereinafter called the Carmeta property, they mortgaged both lots for $3500.

4. In the fall of 1937, to erect an apartment building on the Carmeta property at an estimated cost of $19,000, to equip it at an estimated cost of $2500, and to pay the $3500 mortgage then on said properties, they borrowed from R. F. Drummond $7500 on their unsecured note and $17,937.-50 from the United Corporation on a mortgage on both properties.

5. The rentals and revenues received from these properties held by the plaintiff and her deceased husband as estates by the entirety, were kept segregated and apart from the funds and moneys of the decedent, were more than sufficient and were in fact applied to the payment of principal and interest on the loans on the properties and to acquire the two properties next referred to.

6. In August, 1940, they purchased by the entirety, Lot 6, in Block 89, of the Original City of Little Rock for $3000, $1500 of which was paid in cash and for the remaining $1500 they executed a vendor's lien note due in one year.

7. In June, 1942, they purchased by the entirety for cash, Lots 9 and 10 in Block 10 of Fulton's Addition to Little Rock, Ark.

8. No issue is before the court as to the total value of all the properties so acquired and held in an estate by the entirety and this was fixed at $29,000.

9. The defendant in his official capacity exacted from the plaintiff, as executrix of the decedent's estate, an estate tax calculat-

ed on the inclusion in his gross estate of the whole of said properties.

10. The defendant exacted payment, and the plaintiff paid as follows: On September 22, 1944, $406.01, and on March 9, 1945, plaintiff paid $1550.31, both payments being made under protest.

11. The actions complained of were performed by the defendant in the discharge of his official duties as Collector of Internal Revenue for the District of Arkansas.

### Conclusions of Law.

1. The court has jurisdiction of the parties and of the subject matter of this action.

2. The surviving spouse having furnished from her separate estate, none of which she received from the decedent, one-half of the original considerations paid for such properties, it was error to include more than one-half of the values of the properties so held in the gross estate of the decedent for estate tax purposes.

3. Carmeta S. Drummond, as executrix for the estate of Boyce A. Drummond, deceased, is entitled to judgment against the defendant for $1956.32, with interest at 6% on $406.01, from September 22, 1944, and on $1550.31, from March 9, 1945, and for her costs.